IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JAMONTE BRINKLEY,                         )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )          CV 324-032
                                          )
TYRONE OLIVER; ANDREW                     )
McFARLANE; VERONICA STEWART;              )
RICKEY WILCOX; DANTAVIAN                  )
TILLMAN; JANN CHARRBONNEAU;               )
JOSE RIVERA; BOBBY CLARK;                 )
YA-KENDALL WOODARD; JANN                  )
BRANCH; JANN YAWN; JANN                   )
CRAVERY; and MELISSA BEST,                )
                                          )
          Defendants.                     )
                                  _____

**O R D E R**
                                  _____

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.[1]

I.      **Initial Partial Filing Fee**

In compliance with this Court's prior Order, Plaintiff has furnished a certified copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any costs from his prison trust account. Based on the information

---

[1]As Plaintiff has already been granted IFP status, (doc. no. 7), the second IFP motion, (doc. no. 13), is **MOOT**.

furnished by Plaintiff, the Court **ORDERS** Plaintiff to pay an initial filing fee of **$4.00** within thirty days from the date of this Order.[2]

If Plaintiff does not have sufficient funds in his account to pay the initial partial filing fee of **$4.00**, Plaintiff's custodian (or his designee) shall forward all available funds and carry the balance forward each month until the initial partial filing fee is paid in full.  Plaintiff shall not be permitted to withdraw funds from his prison account until this initial fee has been paid.

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, Plaintiff's custodian or his designee shall set aside twenty percent of all deposits to Plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 324-032.  In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian.  The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

---

[2]The Clerk is **DIRECTED** to inform the Court immediately of any payment received from Plaintiff of the initial filing fee.

II.     **Motion to Amend Complaint**

Plaintiff submitted a document titled "Amended Complaint," in which he requests "leave to file an amended complaint adding evidence." (Doc. no. 8.) The document submitted is not an amended pleading that includes all of his allegations against the named Defendants to include a statement of claim and request for relief, but rather is a conglomeration of over forty-seven exhibits - totaling over eighty pages - which Plaintiff concludes shows that his forty-six-page complaint "states claims upon which relief can be granted." (Id. at 12.) Plaintiff's request to amend is **MOOT** because he may file an amended complaint as of right under Fed. R. Civ. P. 15(a).

However, Plaintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add to or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Moreover, because the original complaint was not submitted on the standard form used by incarcerated litigant in the Southern District, it does not contain the information required and is by no means a "short and plain" statement of Plaintiff's claims as is required under Federal Rule of Civil Procedure 8(a). To the contrary, taken together, forty-six pages of rambling factual detail and conclusory legal citations concerning allegations against thirteen defendants over a period of several months, combined with over eighty pages of attachments, amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir.

2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

The Court recognizes, however, that Plaintiff is proceedings *pro se* and will therefore give him an opportunity to submit an amended complaint in accordance with the below instructions and that conforms to the pleading requirements of the Federal Rules of Civil Procedure.  Therefore, the Court **ORDERS** Plaintiff to file a complete amended complaint on the enclosed form and include all matters  he wishes the Court to consider in that one document within thirty days from the date of this Order.  The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order.  The Statement of Claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in their entirety the previous pleadings filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must

4

contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within thirty days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

## III.     Remaining Miscellaneous Motions

Plaintiff also filed three additional motions, which the Court now addresses in turn. First, Plaintiff filed a document titled "Application for a Preliminary Injunction Three-Judge Court," which the Clerk of Court docketed as a motion for injunctive relief.  Liberally construing the substance of the document,[3] Plaintiff seeks the appointment of two additional judges, including one circuit court judge, to hear his case.  (Doc. no. 9.)  Plaintiff cites 28 U.S.C. § 2284 in support of his request:  "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts of the apportionment of any statewide legislative body."  See also Chestnut v. Merrill, 356 F. Supp.3d 1351, 1354-56 (N.D. Ala. 2019) (reviewing legislative intent and text of statute authorizing three-judge panel when constitutional challenge raised to apportionment of congressional districts or Act of Congress so requires).  Plaintiff's citation to § 2284 has no bearing on his § 1983 civil rights case about his treatment by prison officials at TSP, and he offers nothing but inapplicable legal jargon in support of his meritless request.  The Court therefore **DENIES** the motion.  See Lodge v. Brown, No. CV 118-182, 2019 WL 6790780, at *2 (S.D. Ga. Dec. 11, 2019).

Second, Plaintiff filed a "Motion to Publish Case File," in which he requests that all filings in his case be available for public access.  The Court records in this case are already

---

[3]The Court affords a liberal construction to a *pro se* litigant's pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Strange v. Dixon, No. 4:22-cv-00211, 2022 WL 22286853, at *1 (N.D. Fla. Aug. 22, 2022) ("Liberal construction means a federal court sometimes must 'look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations' to determine if a cognizable remedy is available." (quoting Torres v. Miami-Dade Cnty., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*))).

6

publicly available, and his motion is therefore **MOOT**.  (Doc. no. 10.)  Third, Plaintiff filed a "Petition for Name Change," in which he requests to change his birth name to a different, religious-based name, Israel Messiah, and that Georgia prison officials be ordered to change his name in their prison records.  Notably, however, he cites no authority for the *federal* court to change a *state* issued birth certificate, particularly as a part of this civil rights action.  See, e.g., In re Redding, 461 S.E.2d 558, 558-59 (Ga. Ct. App. 1995) (affirming consideration, and refusal, of petition for name change from Georgia prisoner by Superior Court of DeKalb County, Georgia); O.C.G.A. § 31-10-23 (describing process for amending vital records issued in Georgia, including information on birth certificate).  Moreover, the cited Eleventh Circuit case law addresses whether prison officials must follow a dual-name policy in prison records *after* a state prisoner has already legally changed his name; it does not authorize a federal court to enact a name change.  See Hakim v. Hicks, 223 F.3d 1244 (11th Cir. 2000).  Here, Plaintiff offers nothing to show he has followed any state requirements for legally changing his name such that this Court would have any basis for ordering a change to prison records.  Accordingly, the Court **DENIES** the request to change Plaintiff's name.  (Doc. no. 12.)

## IV.    Conclusion

The Court **ORDERS** Plaintiff to pay an initial filing fee of $4.00 within thirty days from the date of this Order, and **DENIES** both the request to appoint a three-judge panel to hear the case, (doc. no. 9), and the request to change Plaintiff's name, (doc. no. 12).  The second IFP motion and the motion to make case records publicly available are **MOOT**. (Doc. nos. 10, 13.)  Plaintiff must submit an amended complaint on the enclosed form and in accordance with the above instructions within thirty days from the date of this Order.  If no

timely response is received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 8th day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA