IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMONTE BRINKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-032 |
| | ) | |
| TYRONE OLIVER; ANDREW | ) | |
| McFARLANE; VERONICA STEWART; | ) | |
| RICKEY WILCOX; DANTAVIAN | ) | |
| TILLMAN; JANN CHARRBONNEAU; | ) | |
| JOSE RIVERA; BOBBY CLARK; | ) | |
| YA-KENDALL WOODARD; JANN | ) | |
| BRANCH; JANN YAWN; JANN | ) | |
| CRAVERY; and MELISSA BEST, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Upon reviewing Plaintiff's complaint and considering his motion to amend on July 8, 2024, the Court determined Plaintiff had attempted to improperly amend his complaint in a piecemeal fashion, and Plaintiff's pleadings failed to comply with the "short and plain" statement requirement of Federal Rule of Civil Procedure 8(a). (Doc. no. 17, p. 3.) "To the

contrary, taken together, forty-six pages of rambling factual detail and conclusory legal citations concerning allegations against thirteen defendants over a period of several months, combined with over eighty pages of attachments, amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals." (<u>Id.</u> at 3-4 (collecting cases condemning shotgun pleadings).)  Thus, the Court ordered Plaintiff to file an amended complaint, in compliance with provided instructions, if he intended to pursue the case and cautioned Plaintiff that failing to respond with the required amended complaint would be an election to have this case voluntarily dismissed.  (<u>Id.</u> at 4-5, 7-8.)  The time to respond has passed, and Plaintiff has not submitted an amended complaint as required.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); <u>see also</u> <u>Eades v. Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order,

"especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the Court's Order to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed.  Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's July 8, 2024 Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of August, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA